# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FLORENCE SELVIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.** _____ |
| ) | |
| **EXPERIAN INFORMATION** ) | |
| **SOLUTIONS, INC., and X, Y, Z** ) | |
| **CORPORATIONS,** ) | |
| ) | |
| **Defendants.** | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Experian Information Solutions ("Experian") hereby files this Notice of Removal of the above-captioned action to this Court and states as follows:

1.  Experian is named as Defendant in Civil Action No. 2015-13871 filed in the Montgomery County Court of Common Pleas in the Commonwealth of Pennsylvania ("State Court Action").

2.  The Complaint in the State Court Action was filed with the Prothonotary of the Montgomery County Court of Common Pleas on August 18, 2015 and was served on Experian on August 28, 2015. No other pleadings in the State Court Action were served on Experian.

3.  This Notice of Removal is being filed with this Court within thirty (30) days after Experian was served with a copy of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

4.      A copy of all process, pleadings, and orders served upon Experian in the State Court Action is attached hereto as Exhibit A.  The personal identifying information in Exhibit A has been redacted.

5.      Experian is a corporation which, for monetary fees, regularly engages in whole or in part in the practice of assembling consumer credit information and other information on consumers for the purpose of furnishing consumer reports to third parties.  Experian uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, and therefore is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

6.      The claims for relief against Experian alleged in the State Court Action arise under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*  Thus, this court has original subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.  The above-captioned action may properly be removed to this United States District Court pursuant to 28 U.S.C. § 1441(a).

7.      Promptly after the filing of this Notice of Removal and pursuant to 28 U.S.C. § 1446(d), Defendant shall provide notice of removal to Plaintiff Florence Selvin, via her counsel of record, and to the Clerk of the Montgomery County Court of Common Pleas where the State Court Action was filed.

Dated: September 17, 2015

Respectfully submitted,

Mohammad A. Ghiasuddin, Esq.
**Kaplin Stewart Meloff Reiter & Stein**
**Union Meeting Corporate Center**
910 Harvest Drive
P.O. Box 3037
Blue Bell, PA  19422-0765
610-941-2546
MGhiasuddin@KapLaw.com

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

**EXHIBIT A**

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

FLORENCE SELVIN

vs.

EXPERIAN INFORMATION SOLUTIONS INC

NO. 2015-13871

## NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY  BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

In the Court of Common Pleas
Of Montgomery County, Pennsylvania
Civil Action Law

Florence Selvin                          :
254 South Farragut Street                :
Philadelphia, PA  19139                  :
                           Plaintiff     :
                                         :          2015-13871
v.                                       :
Experian Information Solutions, Inc.     :
475 Anton Blvd.                          :
Costa Mesa, CA, 92626                    :
and                                      :
X,Y,Z Corporations                       :
                         Defendant(s)    :

## NOTICE

YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE
CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN
TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY
ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND
FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE
CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO
SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED
AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY
CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE
DEFENDANT.   YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS
IMPORTANT TO YOU.

See Next Page >>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO
NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE
OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.
THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

LAWYER REFERENCE SERVICE
MONTGOMERY COUNTY BAR ASSOCATION
100 West Airy Street (REAR), NORRISTOWN, PA 19401
(610) 279-9660, EXTENSION 201

Montgomery County Legal Aid Services
625 Swede Street, Norristown, PA 19401
610-275-5400

In the Court of Common Pleas
Of Montgomery County, Pennsylvania
Civil Action Law

Florence Selvin      :
254 South Farragut Street   :
Philadelphia, PA  19139   :
      Plaintiff  :
           :  2015-13871
v.           :
Experian Information Solutions, Inc. :
475 Anton Blvd.     :
Costa Mesa, CA, 92626   :
and         :
X,Y,Z Corporations    :
     Defendant(s) :

## COMPLAINT

1. This is a lawsuit for for alleged violations of the Fair Credit Reporting Act (FCRA) / Fair and Accurate Credit Transaction Act (FACTA), 15 U.S.C. 1681, et seq.

2. Venue is proper in this District because Defendant(s) regularly do(es) business in this jurisdiction and avails itself of the benefits of the market in this jurisdiction.

3. Plaintiff resides near this jurisdiction, and key witnesses reside in this jurisdiction.

4. A substantial portion of the transaction(s), occurrence(s) act(s) and / or omission(s) complained of in this action took place in or near this jurisdiction.

5. Plaintiff is Florence Selvin, an adult individual with a mailing address of 254 South Farragut Street, Philadelphia, PA  19139.

6. Defendant is Experian Information Solutions, Inc., an Ohio corporation with a principle place of business address including but not limited to 475 Anton Blvd., Costa Mesa, CA, 92626.

Case# 2015-13871-2 Docketed at Montgomery County Prothonotary on 08/18/2015 9:48 PM, Fee = $0.00

## COUNT ONE: VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA) AND THE FAIR AND ACCURATE CREDIT TRANSACTION ACT (FACTA), 15 USC 1681 ET. SEQ.
### Failure to Accurately Report the Nature of Inquiries

7. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

8. At all times mentioned herein Plaintiff was a consumer as defined by 15 USC 1681a et. seq.

9. At all times mentioned herein Plaintiff was a person as defined by 15 USC 1681a (c).

10. At all times mentioned herein Plaintiff was an individual as defined by 15 USC 1681a (c).

11. At all times mentioned in this Complaint, Defendant(s) maintained a "consumer report" on Plaintiff as defined by 15 USC 1681a(d) et. seq.

12. At all times mentioned in this Complaint, Defendant(s) was a "consumer Reporting Agency" (CRA) as defined by 15 USC 1681a(f) et. seq.

13. At all times mentioned in this Complaint, Defendant(s) was a "person" as defined by 15 USC 1681a(f) et. seq.

14. Prior to the commencement of this action, Plaintiff contacted Defendant Experian Information Solutions, Inc. in writing and requested a copy of the information contained in Plaintiff's consumer report which was maintained by Defendant Experian Information Solutions, Inc.

15. Defendant(s) did provide Plaintiff with a free annual copy of Plaintiff's consumer report.

16. The consumer report provided to Plaintiff by Experian Information Solutions, Inc. contained the names and addresses of certain business entities that had accessed Plaintiff's consumer report in the last 12 months.

17. In particular, the following inquiries were displayed as "hard inquiries on Plaintiff's Consumer report which means that such inquiries were displayed to potential lenders.

Northland Group
Nelson Watson ad Associates
United Collection Bureau, Inc.

18. The above referenced inquiries were derogatory because they had a negative affect on the numerical score assigned by Defendant to determine Plaintiff's creditworthiness.

19. The negative affect on Plaintiff's numerical credit score caused by the inquires made the Plaintiff appear less creditworthy than she otherwise would have been but for the inquiry.

20. The above referenced inquiries were derogatory because potential lenders who accessed Plaintiff's consumer report were permitted by Defendant to view the inquiries, and because they gave the false impression that the inquiries were in connection with Plaintiff shopping for credit when in fact the inquiries were for account review by debt collectors.

21. The above referenced inquires were derogatory because potential lenders who accessed Plaintiff's consumer report were permitted by Defendant to view the inquiries.

22. The above referenced inquiries were derogatory because the information about the inquires on Plaintiff's consumer report contained the name of such collection agencies which gave the likely impression to potential lenders that Plaintiff owed money to the entities to made the inquiries.

23. The above referenced inquires were derogatory because they had a negative affect on the numerical score the Defendant had assigned to Plaintiff's credit worthiness.

24. The information contained n Plaintiff's consumer report about the inquiries may have been technically accurate, but the information was still misleading because it had the likely potential to confuse potential lenders, employers or insurers by creating the false impression that Plaintiff was shopping for credit with when in fact the inquiries were by debt collectors.

25. At least one of the inquiries that appeared on Plaintiff's consumer report was derogatory because it stated "United Collection Bureau, Inc.," thereby stating to implying that Plaintiff owed a debt to said entity.

26. Even information that is technically accurate may still be misleading if it has the likely affect of confusing a potential employer, lender or insurer. See Seamans v. Temple University, United States Court of Appeals for the Third Circuit 12-4298 (2014).

27. According to 15 USC 1681e(b) a CRA is required to assure maximum possible accuracy of all information contained in a consumer's report .

28. According to 15 USC 1681i et. seq., a consumer has a right to dispute all derogatory information contained on the consumer's report, and the CRA must conduct a reasonable reinvestigation if Plaintiff disputes the derogatory information.

29. Plaintiff attempted to dispute the way in which the above referenced inquires were reported on Plaintiff's consumer report. Plaintiff requested that the inquires not appear viewable to potential lenders. Plaintiff also requested that the inquires not negatively affect Plaintiff's credit score. See attached Exhibits.

30. Defendant received Plaintiff's correspondence about the by U.S. Mail.

31. Defendant refused to reasonably investigate Plaintiff's disputes about the inquiries.

32. Defendant refused to re-categorize the inquiries so that they were not viewable to potential lenders.

33. Defendant refused to adjust Plaintiff's credit score so that the inquiries did not negatively affect Plaintiff's credit score.

34. By refusing to conduct a reasonable investigation in response to Plaintiff's disputes, Defendant violated 15 USC 1681i and 15 USC 1681e(b) of the FCRA.

35. By refusing to re-characterize the inquires so that the inquiries did not display to potential lenders, Defendant violated 15 USC 1681i and 15 USC 1681e(b) of the FCRA.

36. By refusing to adjust Plaintiff's credit score so that the inquires did not negatively affect Plaintiff's credit score, Defendant violated 15 USC 1681i and 15 USC 1681e(b) of the FCRA.

## LIABILITY

37. The previous paragraphs of this Complaint are incorporated by reference.

38. It is believed and averred that Defendant(s)' failure to provide such telephone information was willful for reasons including but not limited to the following.

   a.  It is believed and averred that Defendant(s)' acts and omissions were caused by standard business practices antithetical to Defendant(s)' duties under 15 USC 1681e and 15 USC 1681i et. seq. of the FCRA.

   b.  The number of requests for investigation that Plaintiff made to Defendant about the derogatory inquires.

   c.  The number of times Defendant(s) ignored Plaintiff's refused to investigate the derogatory inquiries.

   d.  The number of similarly situated consumers whose rights were also violated under 15 USC 1681e and 15 USC 1681i of the FCRA in a similar manner to Plaintiff.

39. Defendant(s) is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

40. Any mistake made by Defendant(s) would have included a mistake of law.

41. Any mistake made by Defendant(s) would not have been a reasonable or bona fide mistake.

# DAMAGES

42. The previous paragraphs of this Complaint are incorporated by reference.

43. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory damages per derogatory item that Plaintiff disputed, pursuant to 15 USC 1681 et. seq., or other amount determined by this Honorable Court.

44. Plaintiff is seeking a total of $3,000.00 statutory damages or other amount determined by this Honorable Court, because there were 3 derogatory items that Defendant refused to investigate or correct.

45. Because Defendant(s) acts and omissions were willful, Plaintiff requests punitive damages.

46. Plaintiff requests punitive damages against Defendant in the amount to be determined by this Honorable Court, pursuant to 15 USC 1681n et. seq. and other portions of 15 USC 1681 et. seq.

47. For purposes of a default judgment, Plaintiff believes and avers that the amount of such punitive damages should be no less than $27,000.00.

**ATTORNEY FEES**

48. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

49. Plaintiff is entitled to attorney fees pursuant to 15 USC 1681 et. seq., in the amount of $1,750.00 at a rate of $350.00 per hour, enumerated below.

| | | |
|---|---|---|
| a. | Consultations with client, review of file, preparing letters | 2 |
| b. | Drafting, editing, review, redaction, filing of complaint and related documents, service of process | 1 |
| c. | Follow up contact with Defense | 2 |

5 x $350 = $1,750.00

50. Plaintiff's attorney fees continue to accrue as the case move forward.

51. The above stated attorney fees are for prosecuting this matter and reasonable follow up.

## OTHER RELIEF

52. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

53. Plaintiff demands a jury trial in this matter.

54. Plaintiff seeks fees and costs for prosecuting this action.

55. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $31,751.00 as enumerated below.

$1.00 more or less actual damages.

$3,000.00 statutory damages

$1,750.00 attorney fees

$27,000.00 punitive damages

_____

$31,751

Plaintiff seeks such additional relief as the Court deems just and proper.


Vicki Piontek, Esquire        8/18/2015
Vicki Piontek, Esquire        Date
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
palaw@justice.com
Fax: 866-408-6735

In the Court of Common Pleas
Of Montgomery County, Pennsylvania
Civil Action Law

Florence Selvin
254 South Farragut Street
Philadelphia, PA 19139

                 Plaintiff

v.

Experian Information Solutions, Inc.
475 Anton Blvd.
Costa Mesa, CA, 92626
and
X.Y.Z Corporations

              Defendant(s)

## VERIFICATION

I, Florence Selvin, have read the attached Complaint. The facts stated therein are true and correct to the best of my knowledge, understanding and belief.

_Florence Selvin_     _2/18/15_
Florence Selvin        Date

**EXHIBITS**

254 South Farragut Street
Philadelphia, PA 19139
267-███████████

Experian Information Services
P.O. Box 2002
Allen, TX 75013

RE:  Florence Selvin          SSN: ███████          DOB: ███████

### Request for Telephone Numbers

To Whom it May Concern:

    Recently I received a copy of my consumer report. Several companies made inquiries and received my consumer report in the last 12 months. See attached excerpt from your company showing these inquiries.

    My consumer report does not show the telephone number for all of the companies that made the inquiries. Sometimes the phone number appears for some of the companies. Sometimes the telephone number for the companies does not appear.

    I would like to request the telephone numbers for the following companies that accessed my consumer in the last 12 months.

| | |
|---|---|
| Northland Group, Inc. | Date of Inquiry 12/4/2013 |
| MRS BPO, LLC | Date of Inquiry 10/22/2013, 11/8/2013 |
| Swiss Colony | Date of Inquiry 10/24/2013 |
| Patenaude and Felix | Date of Inquiry 5/15/2013 |

    Enclosed please find a copy of my identification, with an update from the state of Pennsylvania so that it is no longer expired.

    Thank you.

Sincerely,

*Florence Selvin*          4/3/14

Florence Selvin          Date

## Inquiries Shared With Others

We make your credit history available to your current and prospective creditors and employers as allowed by law. Experian may list these inquiries for up to two years.

The section below lists all of the companies that have requested your credit history as a result of action you took, such as applying for credit or financing or as a result of a collection. The inquiries in this section are shared with companies that receive your credit history.

## NORTHLAND GROUP, INC

**Address:**
7831 GLEN ROY ROAD
EDINA MN 55439
No phone number available
**Address Identification Number:**
0040680023
**Comments:**
Collection purpose  This inquiry is scheduled to continue on record until Jan 2015

**Date of Request:**
12/07/2012

## NELSON WATSON & ASSOCIAT

**Address:**
80 MERRIMACK ST LOWR LEVEL
HAVERHILL MA 01830
No phone number available
**Address Identification Number:**
0040680023
**Comments:**
Unspecified  This inquiry is scheduled to continue on record until Oct 2014

**Date of Request:**
09/21/2012

## UNITED COLLECT BUR INC

**Address:**
PO BOX 140190
TOLEDO OH 43614
(800) 876-8729
**Address Identification Number:**
0040680022
**Comments:**
Unspecified  This inquiry is scheduled to continue on record until Jul 2014

**Date of Request:**
08/09/2012

254 South Farragut Street
Philadelphia, PA 19139
267-████████

Experian Information Services
P.O. Box 2002
Allen, TX 75013

RE:  Florence Selvin          SSN: ████████          DOB: ████████

### Request for Telephone Numbers

To Whom it May Concern:

   Recently I received a copy of my consumer report.  Several companies made inquiries and received my consumer report in the last 12 months.  See attached excerpt from your company showing these inquiries.

   My consumer report does not show the telephone number for all of the companies that made the inquiries.  Sometimes the phone number appears for some of the companies.  Sometimes the telephone number for the companies does not appear.

   I would like to request the telephone numbers for the following companies that accessed my consumer in the last 12 months.

   Northland Group, Inc.          Date of Inquiry 12/4/2013

   MRS BPO, LLC                   Date of Inquiry 10/22/2013, 11/8/2013

   Swiss Colony                   Date of Inquiry 10/24/2013

   Enclosed please find a copy of my identification, with an update from the state of Pennsylvania so that it is no longer expired.

   Thank you.

                    Sincerely,

                    Florence Selvin          5/6/2014
                    Florence Selvin          Date

Florence Selvin
254 South Farragut Street
Philadelphia, PA 19139
267█████████

Experian Information Services
P.O. Box 2002
Allen, TX 75013

RE:   **Florence Selvin**          SSN: ██████        DOB: ██████
      **Dispute of "Hard Inquires"**

I wish to dispute the way in which a certain inquires are characterized on my consumer report. The following inquires are shared with other prospective lenders. My credit report indicates that the following inquiries exists because of action that I took. That is false. See excerpt from my Experian report.

Northland Group                  Date of Request 12/07/2012
Nelson Watson ad Associates      Date of Request 9/21/2012
United Collection Bureau, Inc.   Date of Request 9/9/2012

The purpose of said inquiry would have been for account review for debt collection. Therefore the inquiry should be a "soft inquiry" as opposed to a "hard inquiry." "Hard inquiries" are shared with prospective lenders, and are derogatory, especially if by a collection agency. "Soft inquiries" are not shared with prospective lenders.

Hard inquiries negatively affect my score. Soft inquiries do not. Please re-categorize the above referenced inquires as a "soft inquiries."

Enclosed please find a copy of my identification, with an update from the state of Pennsylvania so that it is no longer expired.

Thank you.

Sincerely,

*Florence Selvin*                  6/30/2014
Florence Selvin                  Date

# Experian™
## A world of insight

Prepared for: FLORENCE WELLER SELVIN
Date: April 15, 2014
Report number: 1178-4974-43

Page 1 of 32

Dear FLORENCE WELLER SELVIN ,

To assist you in understanding your correction summary, we have provided additional information that relates directly to items on your personal credit report.

By federal law, your personal credit report must list all organizations that have requested your credit history. In accordance with the Fair Credit Reporting Act, entities who have certified to Experian that they have a permissible purpose

may inquire about credit information. For example, organizations that have granted you credit or with whom you have applied for credit, or entities collecting on transactions that you initiated or on judgments rendered against you, are permitted to make inquiries on your credit report. Requests for your credit history remain on the personal credit report for at least two years.

Inquiries from credit grantors who requested your credit information as part of your application for credit will display under the heading "Inquiries shared with others" on your personal credit report. These inquiries display on your credit report when it is accessed by others with a permissible purpose. These inquiries may affect your credit score.

Other inquiries for your credit information are considered "soft" inquiries and do not affect your credit score. Some examples are: your current creditors to monitor your accounts, other creditors who want to offer you preapproved credit; an employer who wishes to extend an offer of employment; and a potential investor assessing the risk of a current credit obligation. These inquiries appear under the heading "Inquiries shared only with you" on your personal credit report. You will not receive this explanation again if you dispute this same item within the next 30 days.

Sincerely,

Experian
NCAC
PO BOX 9701
Allen TX 75013

Scan me with your smart phone for special offers from Experian.

0241683025

FLORENCE WELLER SELVIN
224 SOUTH FARAGOUT STREET
PHILADELPHIA PA 19139

PO BOX 9701
Allen, TX 75013


∴∴ Experian™
A world of insight

Page 1 of 2

Prepared for: FLORENCE SELVIN
Date: May 15, 2014

**Dear FLORENCE SELVIN**

We received a suspicious request regarding your personal credit information that we have determined was not sent by you. This could be deemed as deceptive or fraudulent use of your information. We have not taken any action on this request. Any future requests made in this manner will not be processed and will not receive a response.

Suspicious requests are taken seriously and reviewed by Experian security personnel who will report deceptive activity, including copies of letters deemed as suspicious, to law enforcement officials and to state or federal regulatory agencies.

If you believe that information in your personal credit report is inaccurate or incomplete, please call us at the phone number that displays on your Experian personal credit report, or visit our secure web site at www.experian.com/dispute. You also may write to us at the address on your Experian personal credit report. Be sure to include all of the following: your full name including middle initial (and generation such as JR, SR, II, III); Social Security number; current mailing address; date of birth; and previous addresses for the past two years.

Include the account name and number for any item on your credit report that you wish to dispute, and state the specific reason why you feel the information is inaccurate. The dispute process may take up to 30 days (45 days when disputing information in your annual free credit report). Once we complete the processing of your dispute, we will promptly notify you of the outcome.

We hope this information is helpful to you.

Sincerely,

Experian's National Consumer Assistance Center

0241653025



Scan me with your smart phone
for special offers from Experian.

FLORENCE SELVIN
264 SOUTH PARAMOUNT STREET
PHILADELPHIA PA 19139-4413



Case 14-12549-mdc   Doc 59   Filed 08/14/14   Entered 08/14
Document     Page 18 of 19

Prepared for: FLORENCE SELVIN
Date: May 15, 2014

Page 2 of 2

THIS PAGE INTENTIONALLY LEFT BLANK

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 17, 2015, the foregoing document is being served on counsel of record via first class mail, postage prepaid, as follows.

> Vicki Piontek
> Attorney at Law
> 951 Allentown Road
> Lansdale, PA  19446
> ***Attorney for Plaintiff***

Mohammad A. Ghiasuddin, Esq.